UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AAN STANTON,

                Plaintiff,   :   Civil Action No. 08-CV-2774 (NRB)

      -against-   :   **ANSWER**

KATHEY CURANAJ AND COBY GRAND
CONCOURSE, LLC.

                Defendants.
------------------------------------------------------------x

      Defendants Katrina Curanaj s/h/a "Kathey Curanaj" ("Ms. Curanaj") and Coby Grand Concourse, LLC. ("Coby Grand" collectively hereinafter referred to as "Defendants"), by and through their counsel, Clifton, Budd & DeMaria, LLP, answer the Complaint as follows:

      1.    Defendants deny all the allegations contained in Plaintiff's Complaint except where expressly admitted in this Answer. Furthermore, Defendants deny that Plaintiff has sustained or is entitled to any damages as a result of their conduct or that Defendants engaged in any discriminatory or retaliatory conduct towards the Plaintiff.

**JURISDICTION**

      2.    Deny that this Court has jurisdiction.

**PARTIES IN THIS COMPLAINT**

      3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph I(A) of the Complaint.

      4.    Admit that Coby Grand has an office in Brooklyn, New York, but except as so admitted, deny the remaining allegations in paragraph I (B) of the Complaint.

5.Admit that 1777 Grand Concourse, Bronx, New York is the address of the building where Plaintiff was employed.

**STATEMENT OF CLAIM**

6.Deny that Plaintiff experienced any discriminatory action by Defendants in connection with the termination of his employment or in the terms and conditions of his employment or that he experienced any retaliation.

7.Deny that Plaintiff experienced any discriminatory acts from January 2004 through February 27, 2007 as alleged in paragraph II (B) of the Complaint.

8.Deny that Defendants discriminated against Plaintiff because of his race, color or national origin.

9.Deny the allegations contained in section II (E) of the Complaint, but except so denied, admit that on February 27, 2007 Plaintiff was fired from his employment with Coby Grand.

**EXHAUSTION OF FFEDERAL ADMINISTRATIVE REMEDIES**

10.Deny knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff filed a charge with the Equal Employment Opportunity Commission or his Equal Employment Opportunity counselor alleging discriminatory conduct on 2/27/2007, 2006, 2005 and 2004 contained in paragraph III (A) of the Complaint.

11.Admit that the Equal Employment Opportunity Commission issued a right to sue letter, but deny knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff received his Notice of Right to Sue letter in December.

**RELIEF**

12. Deny that Plaintiff is entitled to any relief sought in paragraph IV of this Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim for which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff failed timely to file charges with the EEOC with respect to claims not set out in his EEOC charge in EEOC Charge No. 520-2007-02770.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because he cannot demonstrate the necessary conduct or mental state to warrant punitive damages and assuming, *arguendo*, the alleged conduct occurred, Defendants acted, at all relevant times, in good faith and consistent with established business policies and practices.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Defendants had legitimate, non-discriminatory business reasons for any employment action taken.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim against Defendant Ms. Curanaj is barred under Title VII because there is no statutory claim for individual liability.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim against Defendant Coby Grand Concourse is barred in part because it is not an employer covered by Title VII.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to backpay, front pay, benefits or any other relief because Plaintiff has failed to mitigate his damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendants are not liable because they exercised reasonable care to prevent and correct any unlawful or retaliatory behavior and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff has waived some or all of his claims in this action.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from all equitable relief under the doctrine of unclean hands.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the contractual agreement to arbitrate them.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages relating to personal property are barred because Plaintiff has sought administrative relief by filing a complaint with the New York State Attorney General's Office.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy conditions precedent to maintaining an action under the NY City Administrative Code as he did not allege that he effected service as required by that ordinance.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his contractual remedies with respect to some of his claims.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part by contractual limitations periods.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Some of Plaintiff's claims are preempted by applicable federal law inasmuch as some claims arise under a collective bargaining agreement.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing with respect to some of his claims.

### AS AND FOR AN EIGHTTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over some or all of the claims.

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any of the relief sought in the Complaint.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint in its entirety, and request that this Court grant Defendants their costs, attorneys' fees and such other and further relief which the Court deems just and proper.

Dated: New York, New York
May 7, 2008

Respectfully submitted,

CLIFTON BUDD & DEMARIA, LLP

By: _____
Robert A. Sparer (RS-1355)
Sheryl Ewart Sorensen (SS-1577)
Attorneys for Defendants
420 Lexington Ave., Suite 420
New York, New York 10170
(212) 687-7410

TO: Aan Stanton, *Pro se*
409 West 147th Street
New York, New York 10031
(212) 644-1604

5

## AFFIDAVIT OF SERVICE BY FIRST CLASS MAIL

STATE OF NEW YORK        )
                                              )ss:
COUNTY OF NEW YORK  )

    STEPHANIE M. SNYDER deposes and says:

    I am not a party to the action; I am over 18 years of age; and I reside in Yonkers, New York.

On May 7, 2008 I served the within **ANSWER** upon:

    Aan Stanton
    409 West 147th Street
    New York, New York 10031

at the address designated for that purpose by depositing a true copy of same enclosed in a postage-paid, properly addressed wrapper in a depository under the exclusive care and custody of the United States Postal Service within the State of New York.

    _____
    Stephanie M. Snyder

Sworn to before me this 7th
day of May, 2008

_____
Notary Public

SHERYL ANN EWART SORENSEN
Notary Public, State of New York
No. 02EW6138793
Qualified in Kings County
Commission Expires 12/27/2009